**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICKEY A. RANDLE,

        Petitioner,                        Case Number: 2:16-14289
                                                      HONORABLE SEAN F. COX

v.

J. A. TERRIS,

        Respondent.
        _____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Mickey A. Randle, currently incarcerated in the Federal Correctional Facility in Milan, Michigan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He argues that one of the two offenses used for his career offender designation does not qualify as a predicate crime of violence under *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016). For the reasons set forth, the Court denies the petition.

**I. Background**

On October 7, 2005, Randle pleaded guilty in the United States District Court for the Western District of Wisconsin, to possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1). *See United States v. Randle*, No. 3:04-cr-00188-bbc-1. On December 15, 2005, Randle was sentenced to 400 months' imprisonment to be followed by five years' supervised release. *See* Judgment, Ex. 5 to Response to Pet. for Writ of Habeas Corpus (ECF No. 8-5, Pg. ID 81-86). Randle was sentenced after the Supreme

Court issued its decision in *United States v. Booker*, 543 U.S. 220, 245 (2005), and the trial court properly viewed the Sentencing Guidelines as advisory rather than mandatory. *See* 12/15/05 Tr., Ex. 4, Resp. to Pet. (ECF No. 8-4). Randle appealed his conviction and sentence. The Seventh Circuit Court of Appeals dismissed the appeal under *Anders v. California*, 386 U.S. 738 (1967). *United States v. Randle*, 208 F. App'x 462 (2006).

In 2007, Randle filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. The district court denied the motion and the Seventh Circuit Court of Appeals denied a certificate of appealability. *Randle v. United States*, No. 07-3824 (7th Cir. Feb. 25, 2008).

Randle filed a motion for relief from judgment under Federal Rules of Civil Procedure 59(a)(2) and 60(b) in 2011. The district court construed the motion as an unauthorized successive motion under § 2255 and dismissed the motion for lack of jurisdiction. *United States v. Randle*, No. 04-cr-188-bbc (W.D. Wis. Sept. 1, 2010). The Seventh Circuit Court of Appeals denied a certificate of appealability. *United States v. Randle*, No. 10-3812 (7th Cir. June 17, 2011).

In 2016, Randle sought authorization from the Seventh Circuit Court of Appeals to file a successive motion to vacate sentence under § 2255, challenging his sentence under *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015). The Court of Appeals denied leave to file a successive § 2255 motion. *Randle v. United States*, No. 16-2067 (7th Cir. June 2, 2016).

Petitioner again moved for post-conviction relief under § 2255 by filing a motion in

the Western District of Wisconsin. He sought a reduction in his sentence in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016). The district court denied the motion because Randle did not obtain the necessary certification for filing a successive § 2255 motion. *Randle v. United States*, No. 04-cv-669-bbc (W.D. Wis. Oct. 6, 2016).

Randle has also filed three motions to reduce his sentence under 18 U.S.C. § 3582, based upon changes to the drug guidelines after his sentencing. All three motions were granted and his sentence reduced to a 188-month term of imprisonment. *See* Ex. 6, Resp. to Pet. (ECF No. 8-6).

Randle filed the pending habeas petition on December 7, 2016. A month after filing his habeas petition, Randle filed a motion to supplement his petition. The Court will grant that motion and the supplement is accepted for filing.

## II. Discussion

Randle contends that he was improperly sentenced as a career offender under the United States Sentencing Guidelines. Specifically, he argues that, based upon the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), he is actually innocent of the career offender enhancement because one of the two offenses used for his career offender designation, a Wisconsin state conviction for burglary, does not count as a predicate crime of violence after *Mathis.*

A prisoner generally may challenge his federal conviction or sentence only by means of a § 2255 motion. *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed

3

the criminal sentence on him. See 28 U.S.C. § 2255(a). A petition challenging the manner or execution of a sentence is appropriate under § 2241. *Hill*, 836 F.3d at 594. In this case, petitioner is clearly attacking his sentence, but is doing so under § 2241. A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758.

Randle argues that the Sixth Circuit Court of Appeals decision in *Hill v. Masters*, 836 F.3d 591 (2016), allows the petition to be filed under § 2241 because he alleges actual innocence. Section 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis supplied).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United*

4

*States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756. The petitioner bears the burden of showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Randle fails to satisfy that burden.

Randle does not argue that he is innocent of the crime of conviction. Instead, he argues that he is innocent of the career offender enhancement. The Sixth Circuit has held that claims alleging actual innocence of a sentencing enhancement generally cannot be raised under § 2241. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). In 2016, the Sixth Circuit held that a petitioner may challenge a sentence under § 2241, only where: (1) the petitioner's sentence was imposed pre-*Booker*, when the Sentencing Guidelines were mandatory; (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600. Here, Petitioner was sentenced under the advisory guidelines, not the pre-*Booker* mandatory guidelines. Ex. 4, Resp. to Pet. (ECF No. 8-4, Pg. ID 66). Therefore, he may not file this claim under § 2241.

In addition, even if Randle could bring his claim under § 2241, *Mathis* does not bear

5

upon his case. Although Randle qualified at the time of his sentencing as a career offender, he was not sentenced based upon his career offender status. Instead, because his offense level was higher under the drug guidelines, he was sentenced under the drug guidelines rather than the career offender guidelines. *See id.* (ECF No. 8-4, Pg. ID 77). The *Mathis* decision, therefore, is inapplicable.

### III. Conclusion

The Court concludes that the petition is not properly filed under § 2241. Accordingly, the Court **DENIES** the petition for a writ of habeas corpus.

Petitioner's Motion for Leave to File Supplement to Petition for Post-Conviction Relief (ECF No. 4) is **GRANTED**. The Supplement to Petition for Post-Conviction Relief (ECF No. 5) is accepted for filing.

Dated: July 11, 2017                          s/Sean F. Cox
                                              Sean F. Cox
                                              U. S. District Judge


I hereby certify that on July 11, 2017, the foregoing document was served on counsel of record via electronic means and upon Mickey A. Randle via First Class mail at the address below:

Mickey A. Randle
08404-027
ROCHESTER FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 4000
ROCHESTER, MN 55903

                                              s/J. McCoy
                                              Case Manager